Affirmed and Memorandum Opinion filed June 26, 2008








Affirmed and Memorandum Opinion filed June 26, 2008.

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-07-00192-CR

_______________

 

TYMOTHIE JOE WILLIAMS, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

                                                                                                                                               


On Appeal from the 240th District Court

Fort Bend County, Texas

Trial Court Cause No. 42,708A

                                                                                                                                               


 

M E M O R A N D U M  O P I N I O N

 In a
single issue, appellant, Tymothie Joe Williams, contends the evidence is
factually insufficient to support his conviction for two counts of aggravated
assault.  All dispositive issues are settled in law.  Accordingly, we issue
this memorandum opinion and affirm.  See Tex. R. App. P. 47.4.

 

 

 








Background

According
to the State=s evidence, on the early morning of April 27, 2005, appellant shot Misty
Woods and Darius Platt; both sustained non-fatal wounds.  At various times,
Woods was appellant=s girlfriend.  However, at the time of the shooting, they
were not dating.  Appellant and Woods have two children together.  Woods and
Platt were acquainted because they lived in the same neighborhood.

Shortly
before midnight on April 26, 2005, Platt sat in his car smoking marijuana when
Woods and her aunt walked by his house.  Platt accompanied them to Woods=s house to smoke more marijuana. 
After midnight, Woods and Platt were in a bedroom when Woods was shot twice in
her abdominal region and Platt was shot once through his left eye.  However,
trial testimony varied regarding the incident.

Platt
testified appellant was present when Platt and Woods arrived at Woods=s house. Appellant and Woods went to
a bedroom, where they argued.  Appellant then left the house while carrying a
pistol.  Woods tried to prevent appellant from leaving because he mentioned
shooting himself.  Platt believed appellant fired the pistol into the air after
he left.  Eventually,  Platt and Woods went to the bedroom.  They were seated
on the bed smoking marijuana when Platt heard glass break and saw appellant
outside the broken bedroom window pane. Platt saw appellant extend his arm into
the bedroom through the broken window.  Appellant shot Woods and then shot
Platt.








In
contrast, Woods testified appellant was not present when she and Platt arrived
at her house.  Therefore, Woods denied that she and appellant argued shortly
before the shooting and that she saw appellant brandishing a pistol.  Woods
testified that she and Platt initially  went to the back bedroom.  However,
according to Woods, she entered the bathroom while Platt sat on the bed.  Woods
then heard glass breaking.  Platt was shot first, and Woods was shot as she ran
out of the bathroom.  At trial, Woods claimed she could not identify the
assailant.  She testified a blanket covered the interior of the window and the
area outside the window was too dark for a person in the room to see the
shooter.

A jury
convicted appellant of two counts of aggravated assault.  After finding three
enhancement paragraphs were true, the jury assessed two concurrent life
sentences.

Standard of Review 

In a
single issue, appellant contends the evidence is factually insufficient to
support his convictions for aggravated assault.  A person commits aggravated
assault if he intentionally, knowingly, or recklessly causes bodily injury to
another and uses or exhibits a deadly weapon during commission of the assault. 
See Tex. Pen. Code Ann. '' 22.01(a)(1), 22.02(a)(2) (Vernon Supp. 2007).  In examining
a factual-sufficiency challenge, we view all evidence in a neutral light and
set aside the verdict only if (1) the evidence is so weak that the verdict
seems clearly wrong or manifestly unjust, or (2) the verdict is against the
great weight and preponderance of the evidence.  See Marshall v.
State, 210 S.W.3d 618, 625 (Tex. Crim. App. 2006); Watson v. State,
204 S.W.3d 404, 414B15 (Tex. Crim. App. 2006). While we are permitted to
substitute our judgment for the jury=s when considering credibility and
weight determinations, we may do so only to a very limited degree and must
still afford due deference to the jury=s determinations.  See Marshall,
210 S.W.3d at 625.            

Analysis

Appellant=s sole complaint is that the evidence
is factually insufficient to prove he was the person who shot Woods and Platt. 
In particular, appellant contends Platt=s testimony identifying appellant as
the assailant lacked credibility in many respects.








First,
appellant cites inconsistencies between the testimony of Platt and Woods
relative to the following: (1) whether appellant was present when Platt and
Woods arrived at the house, argued with Woods, and brandished a gun; (2) the locations
of Platt and Woods when the shooting began; (3) which complainant was shot
first; and (4) whether the area outside the window was sufficiently lit so that
Platt could see appellant.

However,
we find no reason to intrude on the jury=s evaluation of witness credibility
and its decision to believe Platt.  As a whole, Platt=s testimony was consistent. 
Significantly, he did not waver in identifying appellant as the assailant.  In
contrast, at trial, Woods claimed she could not recall many facts pertinent to
the incident, including the shooter=s identity. 

Woods
blamed her memory loss on medication she was currently taking and her ingestion
of ecstasy, Xanax, cocaine, and marijuana around the time of the shooting. 
But, Houston police officer Jude Vigil interviewed Woods seven days after the
shooting, while she was still hospitalized.  According to Officer Vigil=s testimony and an audio recording of
the interview, Woods unequivocally identified appellant as the assailant. 
Specifically, Woods asserted appellant threw a pail through the bedroom window
and then shot both complainants.  At trial, Woods claimed that her statement
was influenced by medications prescribed in the hospital.  However, Officer
Vigil testified Woods was alert and did not seem intoxicated during the
interview.  Moreover, because the audio recording was admitted, the jury heard
Woods during the interview and could determine that she was lucid when she made
her statements.  Further, hospital records generated one day after the shooting
include the following statement, Ashe was shot by boyfriend . . . she
is scared of him.@  Accordingly, the jury reasonably could have determined that
Woods=s statement to Officer Vigil and the
hospital records not only undermined the credibility of Woods=s subsequent testimony but also
constituted evidence of appellant=s guilt.








Additionally,
three months before trial, appellant wrote Woods a letter, which was admitted
at trial. In the letter, appellant professed his love for Woods and desire to
have a future together.  He implored her to testify she did not remember facts
concerning the shooting.  At trial, Woods confirmed she still loved appellant
and believed they would reunite.  Therefore, the jury could have reasonably
concluded that Woods=s unwillingness at trial to identify appellant as the
assailant was attributable to the letter.  The jury could also have rationally
viewed the letter as evidence of appellant=s guilt. 

Next,
appellant argues Platt=s identification of appellant was contradicted by testimony
of a police officer and photographs of the scene.  Specifically, Officer Jorge
Lucero testified there was no lighting outside the bedroom window.  Moreover,
photographs confirmed that a blanket covered the interior of the window. 
Consequently, according to appellant, Platt could not have seen appellant
outside the window.

However,
appellant ignores the totality of the investigating officers= testimony, which supported Platt=s version.  In particular, Officer
Christopher Duncan explained there was no indication the assailant shot through
the window and blanket.  Further, Officer Lucero found spent bullet casings on
the bed, which was near the window.  Officer Duncan opined that these findings
were consistent with a person outside the window moving the blanket and placing
the gun inside the room when firing.  Officer Duncan testified the bedroom was
sufficiently lit for a person inside to see an assailant who was close enough
to the window to fire a gun in this manner.

Appellant
cites other reasons Platt=s testimony purportedly lacked credibility.  For instance,
Platt admitted smoking marijuana before the incident.  Further, Woods testified
Platt was staggering as they walked to her house.  In contrast, Platt testified
the marijuana had no effect on him.  The jury was free to consider Platt=s marijuana usage when evaluating his
credibility.  Appellant also argues Platt=s testimony was internally
inconsistent because he subsequently denied he was a marijuana user.  To the
contrary, reading this latter testimony in context, Platt denied that smoking
marijuana was the only activity in which he engaged.[1]








Appellant
also notes Platt agreed on cross-examination he was Ahaving trouble remembering things
sometimes.@  However, Platt made this statement when testifying he could not recall
the date of his arrest for marijuana possession.  The jury was free to evaluate
the sufficiency of Platt=s memory regarding details of the shooting.

Finally,
appellant contends Platt was the only person who allegedly saw appellant
carrying a gun when he left the house shortly before the shooting.  As
appellant notes, Officer Vigil spoke with two of Woods=s aunts who were in the house during
the incident.  Like Woods, neither aunt claimed she saw appellant with a gun. 
But, Officer Vigil also testified one aunt gave conflicting statements on
whether appellant was even present before the shooting.  Further, the aunts did
not testify; thus, the jury had no opportunity to personally evaluate their
credibility.  Therefore, the jury could have reasonably believed Platt=s testimony regarding appellant=s possession of the gun.

In sum,
the evidence that appellant shot both complainants is not so weak that the
verdict seems clearly wrong or manifestly unjust, and the verdict is not
contrary to the great weight and preponderance of the evidence.  Accordingly,
we overrule appellant=s sole issue and affirm the trial court=s judgment.

 

 

/s/        Charles
W. Seymore

Justice

Judgment rendered and Memorandum Opinion filed June
26, 2008.

Panel consists of Justices Frost, Seymore, and Guzman.

Do Not Publish C Tex. R. App. P. 47.2(b).









[1]  Specifically, on cross-examination, appellant asked
if Platt worked or attended school.  After Platt replied that he did Anothing@
but Ahang around,@
the following exchange occurred:

 

Q.         You just smoke weed?

A.         No.

Q.         You don=t smoke weed?

A.         No.